IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

BEAUFORT DIVISION

| | |
|---|---|
| Shirley McKenzie, ) | |
| ) | C/A No. 9:05-787-JFA-GCK |
| Plaintiff, ) | |
| v. ) | |
| ) | **ORDER** |
| Jo Anne B. Barnhart, ) | |
| Commissioner of Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 83.VII.02.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the Recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

The plaintiff, Shirley McKenzie, brings this action pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner of Social Security (the "Commissioner") denying her claims for Disability Insurance Benefits ("DIB").

The plaintiff first applied for DIB on November 26, 2002, alleging disability since February 1, 1999 from lower back pain, diabetes mellitus, foot and leg pain, gastroesophageal reflux disease ("GERD"), a major depressive disorder, anxiety, and paranoia. Her claim was denied initially and on reconsideration. On July 20, 2004, the Administrative Law Judge ("ALJ") held a hearing in Myrtle Beach, South Carolina. The ALJ amended plaintiff's onset of disability date to January 1, 2001 because plaintiff had engaged in substantial gainful activity until at least January 1, 2001. The ALJ issued a decision on October 7, 2004. The Appeals Council denied plaintiff's request for review making the ALJ's decision final on February 14, 2005. The ALJ determined that plaintiff was not disabled and made the following findings:

1. The claimant meets the nondisability requirements for a period of disability and Disability Insurance Benefits set forth in Section 216(i) of the Social Security Act and is insured for benefits through the date of this decision.

2. The claimant has not engaged in substantial gainful activity since the alleged onset of disability.

3. The claimant's diabetes mellitus, degenerative disc disease, major depressive disorder, anxiety disorder, and borderline intellectual functioning are considered "severe" in combination based on the requirements in the Regulations 20 CFR § 404.1520(c).

4. These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.

5. The undersigned finds the claimant's allegations regarding her limitations are not fully credible for the reasons set forth in the body of the decision.

6. The claimant has the residual functional capacity to perform a significant range of unskilled, light, work activity as described above.

7. The claimant's past relevant work as a Tupperware labeler did not require the performance of work-related activities precluded by her residual functional capacity (20 CFR § 404.1565).

8. The claimant's medically determinable severe impairments do not prevent the claimant from performing her past relevant work as a Tupperware labeler.

9. The claimant is a "younger individual between the ages of 18 and 44" (20 CFR § 404.1563).

10. The claimant has a "marginal education" (20 CFR § 404.1564).

11. Transferability of skills is not an issue in this case (20 CFR § 404.1568).

12. The claimant has the residual functional capacity to perform a significant range of light work (20 CFR § 404.1567).

13. Although the claimant's exertional limits do not allow him [sic] to perform the full range of light work, using Medical-Vocational Rule 202.17 as a framework for decision-making, and based on the testimony of the vocational expert, there are a significant number of jobs in the national economy that the claimant could perform. An example of such a job includes work as a carton packer.

14. The claimant was not under a "disability," as defined in the Social Security Act, at any time through the date of the decision (20 CFR § 404.1520(f)).

The plaintiff was 47 years old at the alleged onset of her disability.[1] She has a fifth grade education and has worked in the vocationally relevant past as a greenhouse nursery worker, growing and maintaining plants and shrubs at a wholesale nursery, and later as a Tupperware labeler at Vocational Rehabilitation.

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of the Act provides: "[T]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964); *see, e.g., Daniel v. Gardner*, 404 F.2d 889 (4th Cir. 1968); *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966); *Tyler v. Weinberger*, 409 F. Supp. 776 (E.D. Va. 1976). This "substantial evidence" standard precludes the court in a *de novo* review of the factual circumstances from substituting its findings for those of the Commissioner. *See, e.g., Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299 (4th Cir. 1968). "[T]he court [must] uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'" *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). As noted by Judge Sobeloff in *Flack v.*

---

[1] Although the ALJ mistakenly referred to the plaintiff as 44 years of age in the decision, this mistake was harmless because age is only significant as to plaintiff's argument regarding section 202.00(c). That section applies only to individuals of advanced age (55 and over) and plaintiff was only 50 years of age at the time of the ALJ's decision. *See Benskin v. Bowen*, 830 F.2d 878, 883 (8 Cir. 1987) ("an arguable deficiency in opinion-writing" that "probably had no practical effect on the outcome of the case" is not cause for reversing the Commissioner's decision).

*Cohen*, 413 F.2d 278 (4th Cir. 1969), "[f]rom this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Id*. at 279. "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

The United States Magistrate Judge to whom this matter was referred filed a comprehensive Report and Recommendation on June 29, 2006 recommending that the Commissioner's decision be affirmed and submitting that the ALJ's findings are supported by substantial evidence. Because the Report provides specific details of the facts in this case, such will not be repeated in this order.

The parties were advised of their right to file specific written objections to the Report and Recommendation ("Report") which was entered on June 29, 2006. As of the date of this order, the plaintiff has filed objections to the Report. The Commissioner has not responded to those objections; however, the matter now appears ripe for review.

The plaintiff's original complaint asserts that the Commissioner's findings that the plaintiff was not disabled lacks any substantial support from the evidence in the record. In her brief in opposition to the Commissioner's answer, the plaintiff presents the following objections:

    (1)    The Plaintiff is disabled under the medical-vocational guidelines given the ALJ's findings.

(2)  The Plaintiff provided evidence indicating she met listing 12.05(c) of the Listing of Impairments, and the ALJ's rationale for rejecting the Plaintiff's IQ scores is not supported by substantial evidence.

(3)  The ALJ did not perform the analysis of the treating and evaluating physician opinions required by 20 CFR § 404.1527(d)(1)-(6), SSR 96-2p and SSR 96-5p.

In her brief, the Commissioner contends that there is substantial evidence to support the ALJ's determination that plaintiff was not disabled because she had the residual functional capacity to perform a significant range of unskilled, light work and could perform other work existing in numbers in the regional or national economies.  Responding to plaintiff's specific objections, the Commissioner contends the plaintiff is not disabled under the medical-vocational guidelines because she was not of an advanced age (55 and over) as required by 20 CFR Pt. 404 subpt. P, app. 2 § 202.00(c) and is not illiterate as required by 20 CFR Pt. 404 subpt. P, app. 2 §§ 202.00(d) and 202.00(h)(1).  The Commissioner further contends that the plaintiff does not meet listing 12.05(c) of the Listing of Impairments because she did not establish significantly subaverage general intellectual functioning before age 22 and the evidence presented, including plaintiff's work history and ability to engage in activities of daily living, was contrary to plaintiff's assertion that she possessed significantly subaverage general intellectual functioning.  Finally, the Commissioner contends she properly considered the opinions of the treating and evaluating physicians specified by the plaintiff, but ultimately gave those opinions little to no controlling weight.

In her objections to the Magistrate Judge's Report, the plaintiff asserts the following objections:

6

(1) The Magistrate incorrectly dismissed the ALJ's finding that the Plaintiff could not perform work requiring reading.

(2) The Magistrate incorrectly provided post hoc rationale to try and support the ALJ's finding that the Plaintiff did not meet listing 12.05(c).

(3) The Magistrate's review of the ALJ's evaluation of the treating physician's opinion did not resolve the issues raised by the Plaintiff in her initial brief.

The court finds the plaintiff's objections without merit. Contrary to the plaintiff's first objection, the Magistrate did not dismiss the ALJ's finding regarding plaintiff's ability to read on the job. Rather, the Magistrate found that despite plaintiff's reading limitations, she does not meet the definition of "illiterate" set forth in the Regulations. Because the plaintiff is not considered illiterate under the Regulations, she cannot be found disabled under 20 CFR Pt. 404 subpt. P, app. 2 §§ 202.00(d) or 202.00(h)(1).

With regard to plaintiff's second objection, the Magistrate Judge found that substantial evidence supported the ALJ's finding that the evidence in the record did not support a finding that plaintiff suffers from mild mental retardation and thus did not meet listing 12.05(c). While the Magistrate Judge's Report also found that plaintiff did not meet the threshold burden of showing plaintiff manifested mental deficits before she was 22 years of age—an issue not addressed by the ALJ—this was not the only reason provided by the Magistrate to support his finding that the Commissioner's decision was based upon substantial evidence. Consequently, plaintiff's argument that the Magistrate relied on post hoc rationalizations to support the ALJ's finding is without merit.

Plaintiff's third objection to the Magistrate Judge's Report is merely a restatement of plaintiff's position set forth in her initial brief. The court finds that the Commissioner properly considered the opinions of the three treating and evaluating physicians specified by the plaintiff and rejects plaintiff's objection on this issue.

Having reviewed the findings of the ALJ, the briefs from the plaintiff and the Commissioner, the Magistrate Judge's Report, and the plaintiff's objections thereto, the court finds the Magistrate Judge's recommendation proper. The court adopts the Report and Recommendation of the Magistrate Judge, finding that the Commissioner's decision was based upon substantial evidence. Accordingly, the Commissioner's decision is hereby affirmed.

IT IS SO ORDERED.

Joseph F. Anderson, Jr.
United States District Judge

August 22, 2006
Columbia, South Carolina